POOLER, Circuit Judge,
concurring:
I agree with the majority that the two sentences about which we write today must be vacated and the cases remanded to the district court. My disagreement is, in part, with the breadth of the discussion. The majority opinion skillfully explains the several procedural errors committed by the district court in imposing sentence. I need not repeat them here. Whether or not I agree with each finding of error, I concur that remand for resentencing is required. Since we find that the district court has not, as yet, imposed a procedurally adequate sentence, my understanding of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the triad of recent cases, Rita v. United States, — U.S. -, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), Kimbrough v. United States, — U.S. -, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and Gall v. United States, — U.S. -, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), is that it is premature for the appellate court to engage in substantive review. I believe that the district court is entitled to the opportunity to correct procedural errors and, if or when a procedurally correct sentence is imposed, and is appealed, we may engage in substantive reasonableness review — applying “a deferential abuse-of-discretion standard,” Gall, 128 S.Ct. at 591, id. at 598, and, when a sentence is outside the Guidelines range, giving “due deference to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance,” Gall, 128 S.Ct. at 597. By concluding that the sentences of Cutler and Freedman are substantively unreasonable, the majority is substituting its view of what their proper sentences are, for that of the district court, an exercise we are reminded is not within our province to accomplish.